## COMMONWEALTH *vs.* DENNIS McCARTHY.

Norfolk.    January 28, 1895. — February 28, 1895.

Present: FIÈLD, C. J., HOLMES, KNOWLTON, MORTON, & BARKER, JJ.

*Intoxicating Liquors — Evidence — Exceptions.*

At the trial of a complaint for keeping a liquor nuisance evidence was introduced that four men drove up to the defendant's house; that one of them entered and then returned with a bottle, from which they all drank; that one of them went back and came out with the bottle filled again; and that the defendant accompanied him as far as the piazza and stood there as they drove away. It did not appear from the bill of exceptions that this was all the evidence in the case. *Held,* that it could not be said that the evidence was inadmissible; it might have been made competent by other evidence; although the court did not mean to intimate that, if it stood alone, it would be incompetent.

COMPLAINT, for keeping a liquor nuisance in a dwelling-house at Canton, between August 1, 1893, and January 1, 1894. At the trial in the Superior Court before *Sherman,* J., one Plunkett, the complainant, a police officer, testified that on September 10 four men drove up to the defendant's house; that one entered and then returned with a bottle in his hand; that they had a drink and emptied the bottle; and that then one of them went back into the house and came out with the bottle filled again, the defendant accompanying him as far as the piazza, and standing there as they drove away.

The defendant objected to the admission of this testimony. The judge admitted it.

The jury returned a verdict of guilty; and the defendant alleged exceptions.

*P. Daly,* for the defendant.

*R. O. Harris,* District Attorney, for the Commonwealth.

MORTON, J.    It does not appear from the exceptions that the testimony that was objected to was all that was introduced at the trial.    That being so, it is manifest that we cannot say that it was inadmissible.    It may have been made competent by other evidence.    We do not mean to intimate that if it stood alone, it would have no tendency to show that the defendant kept a liquor nuisance in his house.        *Exceptions overruled.*